IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| HAROLD L. BASS, | § | |
|---|---|---|
| TDCJ CID NO. 1988059, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:17cv223 |
| | § | U.S. Magistrate Judge Mitchell |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

## RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT

Petitioner Harold Bass was convicted of aggravated assault with a deadly weapon and sentenced to twenty-five years by a Texas state court. His petition should be denied and dismissed with prejudice because one of the claims presented is procedurally defaulted and the remaining claims are without merit or not cognizable.

## JURISDICTION

Bass seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties as Bass was convicted within this Court's jurisdiction.

## PETITIONER'S ALLEGATIONS

The Respondent (Director) understands Bass's claims to be as follows:

1. Ineffective assistance of trial counsel for picking the jury out of Bass's presence;

2. There was insufficient evidence of a deadly weapon;

3. He was denied a lesser-included offense instruction; and

4. Ineffective assistance of trial counsel for failing to call any witnesses on his behalf and failing to admit a private detective report that would have showed his innocence.

ECF 1, at 6-7.

## GENERAL DENIAL

The Director denies all of Bass's assertions of fact except those supported by the record or specifically admitted herein. In addition, the Director opposes any future substantive motions filed by Bass and will respond to any such motions only upon order of the Court.

## STATEMENT OF THE CASE

### I. Procedural History

The Director has lawful custody of Bass pursuant to the judgment and sentence of the 114th District Court of Smith County, Texas, in cause number 114-1453-14, styled *The State of Texas v. Harold Lloyd JR Bass*. SHCR-01, at 3-4.[1] Bass was charged with aggravated assault with a deadly weapon, entered a not guilty plea, and was tried by a jury. *Id.* at 1-4. Bass was found

---

[1] "SHCR-01" refers to the clerk's record of state habeas pleadings filed in *Ex parte Bass*, No. 86,432-01 (Tex. Crim. App. 2017), and is followed by the applicable page numbers.

guilty and sentenced by the jury to twenty-five years on March 4, 2015. *Id.* at 3.

Bass's conviction was affirmed by the Twelfth Court of Appeals of Texas on June 15, 2016. *Bass v. State*, No. 12-15-00071-CR, slip op. (Tex. App.–Tyler 2016, no pet.). The Texas Court of Criminal Appeals granted Bass and extension of time to file a petition for discretionary review (PDR), until September 13, 2016, but he did not file one. *Bass v. State*, PDR No. 0730-16 (Tex. Crim. App. 2016). Bass filed a state writ application that was denied without written order on the findings of the trial court, without a hearing, on March 22, 2017. SHCR-01, at cover. This proceeding followed.

## II. Statement of the Facts

The state appellate court summarized the facts as follows:

> Dennis Butler and Robert Nordick were driving to a concert when they observed a man and a woman engaged in a dispute. The two men stopped to help the woman. The man, Appellant, pointed a knife very close to Nordick's face. Butler and Nordick returned to their vehicle to wait for law enforcement. At some point, Appellant approached the vehicle, used the knife to smash Butler's driver's side window, and walked away. Shortly thereafter, Appellant pointed a firearm towards the vehicle and Butler drove the vehicle out of Appellant's sight.
> When Deputy Justin Redding arrived at the scene, he found Appellant in possession of a pocket knife. Appellant also had cuts on his arm that could have been made by glass. Redding testified that the pocket knife was capable of causing death or serious bodily injury. Appellant pleaded "not guilty" to aggravated assault with a deadly weapon, but pleaded "true" to the indictment's enhancement paragraph. The jury found Appellant guilty and assessed a punishment of imprisonment for twenty-five years and a $10,000 fine.

*Bass v. State*, slip op. at 1-2.

## STATE COURT RECORDS

Records of Bass's trial, appeal, and state habeas proceedings have been filed with the Court.

## EXHAUSTION/LIMITATIONS/SUCCESSIVE PETITION

Bass's claim 2 is procedurally defaulted. The petition is not barred by limitations, 28 U.S.C. § 2244(d), or subject to the successive petition bar, 28 U.S.C. § 2244(b).

## ANSWER WITH BRIEF IN SUPPORT

### I. Standard of Review

Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in state criminal justice systems, not a substitute for ordinary error correction through appeal. For claims that were adjudicated in state court, § 2254(d) imposes a highly deferential standard that demands a federal court grant habeas relief only where one of two conditions are present in the state court judgment. A federal court may grant relief if the state court adjudicated a constitutional claim contrary to, or unreasonably applied clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011) (citing *(Terry) Williams v. Taylor*, 529 U.S. 362, 412 (2002)). Or the court may grant relief if the state court decision was based on an unreasonable determination of facts in light of the record. *Id.* Section 2254(d)'s standard is necessarily difficult to meet because it was so designed.

A state court decision can be "contrary" to established federal law in two ways. *(Terry) Williams*, 529 U.S. at 405–06. First, if the state court

applies a rule that contradicts Supreme Court precedent. *Id.* at 405. Second, if the state court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result. *Id.* at 406.

A state court decision applying the correct Supreme Court rule to the facts of a particular case is to be reviewed under the "unreasonable application" clause. *(Terry) Williams*, 529 U.S. at 406. A state court unreasonably applies Supreme Court precedent only if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Id.* at 407–09. The focus of this test is not on the state court's method of reasoning, but rather on its ultimate legal conclusion. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision.").

To determine if the state court made an unreasonable application, a federal court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington*, 562 U.S. at 87. Thus, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision. Id. (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Further, in reviewing a state court's merits adjudication for reasonableness, a federal court is limited

5

to the record that was before the state court. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## II. Claim 2 is Procedurally Defaulted.

In claim 2, Bass alleges that the evidence was insufficient to support a deadly weapon finding. ECF 1, at 6. But this claim is defaulted and may not be addressed by a federal court.

The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state of Texas. *Richardson*, 762 F.2d at 431. To proceed before that court, a petitioner must either file a petition for discretionary review under Tex. R. App. P. 68.1, or an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 1977 and Vernon Supp. 1998).

It has long been the case in Texas that sufficiency of the evidence is not cognizable in a state post-conviction writ of habeas corpus. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981); *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1988); *Ex parte Ash*, 514 S.W.2d 762, 763 (Tex. Crim. App. 1974). Thus,

6

Bass could not bypass the appellate process and then improperly raise claim 2 on writ of habeas corpus before the Court of Criminal Appeals. *See West v. Johnson*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996) ("Although the Court of Criminal Appeals' denial of habeas relief stated no reasons, that court, as we have held, has long held that the sufficiency of the evidence may *only* be raised on direct appeal, and may not be raised on state habeas."); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994) (recognizing that under Texas law a claim regarding sufficiency of the evidence may be raised on direct appeal but not in a habeas corpus proceeding). Indeed, when Bass tried, the state court found:

> Applicant's second ground argues that the evidence at trial failed to establish that the knife he used in commission of the aggravated assault was a deadly weapon. However, the record of his trial includes testimony that a knife was in fact used as a deadly weapon.
>
> Regardless, the law provides that Applicant cannot collaterally attack the sufficiency of the evidence supporting his conviction in an application for a writ of habeas. *See Ex parte Grigsby,* 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) ("A challenge to the sufficiency of the evidence presents one of those instances where we can never consider the merits of the applicant's claim.").

SHCR-01, at 74-75.

Moreover, it should be noted that the Supreme Court has held that ". . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process . . . . ," which includes the mandatory filing of a petition for discretionary review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A failure to raise issues on direct appeal and PDR and

7

then attempting to raise them on state writ will result in the state prisoner procedurally defaulting the claims. *Id.* at 848.

Thus, state habeas review of the sufficiency of the evidence in his case is not available to Bass because Texas courts refuse to entertain insufficiency claims on state habeas, and Bass did not raise the claim on direct appeal and petition for discretionary review. *Renz v. Scott*, 28 F.3d at 432; *see Clark*, 788 F.2d at 310 (holding that procedural default barred consideration of habeas petitioner's claim that evidence was insufficient to support his conviction, as under Texas law, issue could have been raised on direct appeal, but was not, and record did not disclose any cause for petitioner's failure to directly appeal the issue); *see also Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas corpus relief absent a showing of cause and actual prejudice").

Here, Bass was required to present his insufficient evidence claim before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Bass's failure to raise the claim on direct appeal and PDR constitutes a procedural default that excludes him from federal habeas corpus review. The claim should be dismissed with prejudice.

III. **Bass Has Failed to Demonstrate That the State Court Unreasonably Denied His Ineffective Assistance of Counsel Claims. (Claims 1 & 4)**

In claims 1 and 4, Bass alleges that counsel was ineffective for picking a jury outside of his presence, failing to call any witnesses on his behalf, and

failing to admit a private detective report that would have showed his innocence. ECF 1, at 6-7. These claims are without merit.

A defendant has the burden of establishing that he was deprived of effective assistance of counsel by a preponderance of the evidence. *Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). In *Strickland v. Washington*, the Supreme Court enunciated the familiar two-prong test for reviewing ineffective assistance of counsel claims. 466 U.S. 668, 687 (1984).

Under the first-prong of *Strickland*, a defendant must show that his trial counsel's performance was deficient. *Id.* In other words, the defendant must establish that his counsel's representation fell below an objective standard of reasonableness. *Clark*, 227 F.3d at 282. This showing requires a defendant to prove that his counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 689). Additionally, courts "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Accordingly, courts "must be highly deferential" to counsel's performance. *Id.*; *see also Strickland*, 466 U.S. at 689. Every effort must be made to eliminate the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

Under the second-prong of the *Strickland* test, a defendant must show that his counsel's deficient performance prejudiced him. *Galvan*, 293 F.3d at 764. Thus, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Clark*, 227 F.3d at 283. "Even a deficient performance does not result in prejudice unless that conduct so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result." *Knox v. Johnson*, 224 F.3d 470, 479 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 687). A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Because a defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland*, 466 U.S. at 697.

Additionally, "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *See Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981) (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). The Fifth Circuit has held that "hypothetical or theoretical testimony will not justify the issuance of a writ . . . ." *See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986). Furthermore, "[w]here the only evidence of a missing witness testimony is from the defendant, this Court [Fifth Circuit] views claims of ineffective assistance with great caution." *See Lockhart v. McCotter*, 782 F.2d

1275, 1282 (5th Cir. 1986) (citing *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)). Finally, "[i]n order for [Petitioner] to demonstrate the requisite *Strickland* prejudice, he must show not only that the testimony would have been favorable, but also that the witness would have testified at trial." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

With regard to Bass's claim that the jury was picked outside of his presence, trial counsel explained during the state habeas proceeding:

> The undersigned denies Ground One of Applicant's Writ of Habeas Corpus, wherein he claims that he was not present when preemptory challenges were made and strike lists were submitted to the Court.
>
> Before jury selection begins the undersigned discusses with every defendant at every trial the purpose, the order and length of questioning, and proper decorum when in the presence of the jury. Every defendant, before jury selection begins, is provided a list of the names of the veniremen and copies of the completed questionaires. The undersigned encourages every defendant at every trial to be involved in the process. Those that choose to do so are provided a pad and pen to note any responses or reactions of venirement the defendant deems important.
>
> At the conclusion of questioning challenges for cause are made at the bench. In some cases certain veniremen are asked to approach the bench for further questioning. All of this takes place in the presence of the defendant in every case. Afer [sic] completing the above referenced matters the presiding Judge recesses the case for a specified period of time before the attorneys are required to return and submit strike lists. All of this done in the presence of the defendant in every case.
>
> Most times the undersigned remains in the courtroom to review the questionaires and make the allowed strikes, all in he presence of the defendant. In cases where the defendant chooses

> to be involved in the process the undersigned will explain the reason or reasons for striking each venireman and will receive and consider all input from the defendant.
>
> Some times, though few, the undersigned will take a lunch break and will review some of the questionaires during that break, however, the process is completed in the courtroom in the presence of the defendant.
>
> Though the undersigned has no independant [sic] recollection of which of the above referenced procedures was followed in Applicant's case, the undersigned does know that at no time in any jury trial has the undersigned submitted a strike list of preemptory challenges outside the presence of any defendant in any trial, including [Bass]'s.

SHCR-01, at 31-32.

With regard to Bass's ineffective assistance of counsel claims, the state court found:

> Notwithstanding that there is no procedural rule mandating that attorneys must complete their strike lists in any specific location, Applicant fails to explain how he was harmed or how the outcome of this case would have been any different but for the attorneys doing so outside of the courtroom.
>
> As such, Applicant clearly fails to "plead and prove that the complained of error did in fact contribute to his conviction or punishment." *See Ex parte Barber,* 879 S.W.2d 889, 891-92 (Tex. Crim. App. 1994).
>
> \* \* \*
>
> In this case, Applicant's complaint regarding the failure to bring forward witnesses does not provide the Court with enough information to satisfy his habeas burden. Applicant names a single potential witness as "Randy Reeves" but fails to state any specific testimony that this witness could have provided. He further fails to argue how the unspecified testimony of Mr. Reeves would have been able to affect the outcome of his case.

12

> Consequently, Applicant clearly fails to meet his habeas burden to allege facts, which if true, would entitle him to relief regarding counsel's alleged failure to call "Randy Reeves" as a witness. *Ex parte Maldonado,* 688 S.W.2d at 116.
>
> Applicant also claims that a report from a "private detective" should have offered in his defense. (Writ App. at 12). However, he neglects to attach a copy of the report or to otherwise attempt to describe its contents. He also does not argue what rules of evidence would permit the admission of a hearsay "report" at trial. Once again, Applicant fails in his burden as a habeas applicant. *Ex parte Maldonado,* 688 S.W.2d at 116.

SHCR-01, at 74, 76. Bass's claims continue to be conclusory and cannot support relief. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case.").

Moreover, the deference afforded to the state court's denial of Bass's ineffective assistance of counsel claims is great. The question is not whether the state court's application of *Strickland* was incorrect, but rather was it unreasonable, a much higher standard. *Wooten v. Thaler*, 598 F.3d. 215 , 222 (5th Cir. 2010), *citing Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). As the Supreme Court has explained, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123. Federal court review of state court decisions is thus "doubly deferential." *Id*. Bass has not overcome the deference afforded to the state court's determination and, as such, his claims should be denied.

## IV. The Lesser-Included Offense Instruction Claim Fails to State a Basis for Federal Habeas Relief. (Claim 3)

In claim 3, Bass alleges that he was denied a lesser included offense instruction. ECF 1, at 7. But, the failure to instruct on a lesser included offense does not raise a federal constitutional issue. *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985). Federal habeas corpus action is only available for the vindication of rights existing under federal law. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986); *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a petitioner that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). As such, this claim does not entitled Bass to relief and it should be dismissed with prejudice.

## CONCLUSION

For the above reasons, the Director requests that the petition be denied and dismissed with prejudice and that no certificate of appealability issue.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*Lead Counsel

/s/ Jessica Manojlovich
JESSICA MANOJLOVICH*
Assistant Attorney General
State Bar No. 24055632

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading was served by placing the same in the United States Mail, postage prepaid, on the 3rd day of August, 2017, addressed to: Harold L. Bass, TDCJ No. 1988059, Byrd Unit, 21 FM 247, Huntsville, TX 77320.

s/ Jessica Manojlovich
JESSICA MANOJLOVICH
Assistant Attorney General