IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HAROLD L. BASS, JR., #1988059, | § | |
| VS. | § | Civil Action No. 6:17-CV-223 |
| DIRECTOR, TDCJ-CID, | § | |

O R D E R

Petitioner Harold L. Bass, Jr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, has filed a motion to stay or abate his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to complete exhaustion of his state court remedies. (Dkt. #25).

In his second ground for relief in his habeas petition, Bass presented a sufficiency of the evidence challenge to the finding of the use of a deadly weapon attached to his conviction. The Director responded by asserting that Bass is required to present his insufficient evidence claim before the state courts in a procedurally proper manner according to the rules of the state courts. The Director further responded that because of the alleged failure to raise the issue on direct appeal, Bass's claim is unexhausted and therefore procedurally barred from federal habeas review. In his reply, Bass requested that this Court stay the proceedings and permit him time to exhaust his state remedies by amending his state court writ of habeas corpus under Tex. Crim. Proc. Code § art. 11.07. The Director has responded to Bass's motion to stay.

The Supreme Court has held that a federal district court has discretion to stay a petition to allow the petitioner to present unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 279 (2005). A district court may stay, and hold in abeyance, a federal petition if the court

1

finds that there was good cause for the petitioner's failure to exhaust his claims in state court. *Id.* at 277. The Court held that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts . . .," district courts may stay and hold in abeyance habeas petitions only in limited circumstances. *Id*. at 277. When a petitioner brings an unexhausted claim in federal court, a stay and abeyance is appropriate when the district court finds that there was "good cause" for the failure to exhaust the claim, the claim is not plainly meritless, and there is no indication that the failure was for purposes of delay. *Id*. at 277-78. *See also Hearn v. Thaler*, 669 F.3d 265, 268 (5th Cir.), *cert. denied*, 567 U.S. 954 (2012) (federal court granted a stay and abatement to permit petitioner to exhaust an *Atkins v. Virginia*, 536 U.S. 304 (2002), claim in state court in the first instance).

In his motion to stay (Dkt. #25), Bass does not provide any rationale as to why his sufficiency of the evidence claim was not submitted on direct appeal or presented in a Petition for Discretionary Review, or more importantly, why he should be permitted to return to the state court to exhaust now. Essentially, Bass does not provide any good cause for this Court to grant a stay so that he can return to the state court to exhaust his unexhausted claim.

Moreover, Bass does not explain how his sufficiency of the evidence claim is not plainly meritless. "Under Texas law, sufficiency of the evidence may be raised on direct appeal, but is not cognizable on collateral review. . . .  Thus in order to exhaust his claims, [the petitioner] was required to raise them in a petition for discretionary review. . . .   Because [the petitioner] failed to exhaust his insufficiency-of-the-evidence claims, federal review is barred unless he can show cause and prejudice from the procedural default, or that failure to review the claim would result in a complete miscarriage of justice due to his "'actual innocence.'" *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002). In his motion to stay, Bass failed to satisfy the cause and prejudice standard

or show that the imposition of the procedural bar would constitute a miscarriage of justice, thus relief is unavailable. The case law is clear that the sufficiency of the evidence claim in this case is procedurally barred since the Petitioner did not raise a sufficiency of the evidence claim on direct appeal. *Coleman v. Quarterman*, 456 F.3d 537, 546 (5th Cir. 2006); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

Having carefully considered the motion, the Court finds that it lacks merit. It is therefore **ORDERED** that Petitioner's motion to stay and abate (Dkt. #25) is **DENIED**.

So ORDERED and SIGNED this 10th day of April, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE