IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HAROLD L. BASS, JR., #1988059 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv223 |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Petitioner Harold L. Bass, Jr.'s motion for an order to obtain a copy of his grand jury proceedings. (Dkt. #33). Petitioner's motion requests that this Court use its general power to compel a state court and its judicial officers in the performance of their duties in order to accomplish the purpose of his motion. As such, Petitioner's motion is construed as a petition for a writ of mandamus. *See Pittson Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (Mandamus is used "only to compel the performance of a clear, nondiscretionary duty."); *see also, Wilkerson v. Dallas Cnty. Dist. Courts*, Cause No. 3:17-cv-2436, 2017 WL 5054562 (N.D. Tex. Oct. 10, 2017) (inmate's motion to compel state courts to rule on post-conviction motions in his state criminal cases construed as a petition for writ of mandamus). The cause of action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

In his petition for a writ of mandamus, Petitioner seeks to have this Court compel the 114th Judicial District Court of Smith County, Texas to deliver to Petitioner a copy of the grand jury minutes and proceedings for his criminal case. Petitioner believes that the grand jury proceedings will prove the existence of exculpatory evidence; and thus, his innocence.

Existing precedent does not support Petitioner's request. In the context of mandamus relief, the Fifth Circuit has held that "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Accordingly, federal district courts may not issue a writ of mandamus to compel state officials to give an inmate documents, even transcripts and other documents relating to an inmate's own conviction. *Id.*; *see also, Cross v. Texas*, 508 F. App'x 290, 291 (5th Cir. 2013).

Recommendation

Accordingly, it is recommended that Petitioner's motion or petition for a writ of mandamus (Dkt. #33) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 23rd day of January, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE