IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HAROLD L. BASS, JR., #1988059 | § | |
| v. | § | CIVIL ACTION NO. 6:17cv223 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Harold L. Bass, a prisoner in the Texas prison system, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.        Procedural and Factual Background

Bass was charged with aggravated assault with a deadly weapon in Cause Number 114-1453-14, in the 114th District Court of Smith County, Texas. (SHCR-01 at 3-4[1]). Bass pleaded not guilty as charged. On March 4, 2015, the jury found Bass guilty and he was sentenced by the jury to twenty-five years' imprisonment. (SHCR-01 at 3).

---

[1] "C.R." is the clerk's record of pleadings and documents filed with the trial court. Additionally, "R.R." is the reporter's record of transcribed testimony and exhibits from trial, "SX-" or "DX-" are the enumerated exhibits of the State or the Defendant from trial, and "SHCR" is the state habeas clerk's record, and "Supp. SHCR" is the supplemental state habeas clerk's record. Citations are preceded by volume number and followed by page or exhibit number, where applicable. All of the state court records are contained in docket entry number 18.

The state appellate court summarized the facts of Bass's crime as follows:

> Dennis Butler and Robert Nordick were driving to a concert when they observed a man and a woman engaged in a dispute. The two men stopped to help the woman. The man, Appellant, pointed a knife very close to Nordick's face. Butler and Nordick returned to their vehicle to wait for law enforcement. At some point, Appellant approached the vehicle, used the knife to smash Butler's driver's side window, and walked away. Shortly thereafter, Appellant pointed a firearm towards the vehicle and Butler drove the vehicle out of Appellant's sight.
>
> When Deputy Justin Redding arrived at the scene, he found Appellant in possession of a pocket knife. Appellant also had cuts on his arm that could have been made by glass. Redding testified that the pocket knife was capable of causing death or serious bodily injury. Appellant pleaded "not guilty" to aggravated assault with a deadly weapon, but pleaded "true" to the indictment's enhancement paragraph. The jury found Appellant guilty and assessed a punishment of imprisonment for twenty-five years and a $10,000 fine.

*Bass v. State*, No. 12-15-00071-CR, 2016 WL 3356558 (Tex.App.—Tyler 2016, no pet.) (unpublished).

Bass's conviction was affirmed by the Twelfth Court of Appeals of Texas on June 15, 2016. *Id*. The Texas Court of Criminal appeals granted Bass an extension of time to file a petition for discretionary review (PDR), until September 13, 2016, but he did not file a PDR. *Bass v. State*, PDR No. 0730-16 (Tex. Crim. App. 2016).

Bass filed a state application for writ of habeas corpus on October 26, 2016. (Dkt. #18-25, p. 10). In response to a request for findings from the State regarding Bass's state writ application, the Smith County state habeas court made specific, detailed findings of fact on February 14, 2017, after reviewing the prior proceedings, reporter's records, the documents and papers contained in the files, the docket sheets in Cause Number 114-1453-14, and Bass's first application for Writ of Habeas Corpus in Cause Number 114-1453-14-A. The state habeas court made the following findings of fact:

1. Applicant, Harold Bass, Jr., was indicted in Cause No. 114-1453-14, in the 114th District Court of Smith County, Texas, for the offense of Aggravated Assault. The indictment contained a deadly weapon allegation and one enhancement paragraph.

2. On March 4, 2015, [Bass], with counsel, was found guilty by a jury of the offense alleged by the indictment. After hearing evidence and argument of counsel, the jury found the enhancement paragraph to be true and assessed a sentence of twenty-five years' imprisonment with a $10,000 fine.

3. [Bass] appealed his conviction. His appellate attorney filed an *Anders* brief, and [Bass] filed a *pro se* brief. On July 15, 2016, the Twelfth Court of Appeals determined the appeal was "wholly frivolous" and affirmed the conviction. *Bass v. State*, No. 12-15-00071-CR (Tex.App.—Tyler, June 15, 2016, no pet.) (not designated for publication), 2016 WL 3356558.

4. On October 26, 2016, [Bass] filed his first Application for a Writ of Habeas Corpus. The State filed a response seeking a designation of issues and an affidavit from [Bass's] trial attorney, Ms. LaJuanda Lacy. Ms. Lacy has filed her affidavit.

5. In his writ application, [Bass] alleges four separate grounds for relief:
   a.   "Voir Dire;"
   b.   "Deadly Weapon to Wit Knife is Not Deadly Weapon;"
   c.   "Charge to Jury;" and,
   d.   "Ineffective Assistance of Counsel."

6. The Court takes judicial notice of all prior proceedings and files. Specifically, the Court takes judicial knowledge of the following:

   a.   [Bass's] first ground is entitled, "Voir Dire." (Writ App. At 6). [Bass] alleges under this heading that "Voir Dire was wrongfully picked" and complains that the State and his attorney both completed their juror strike sheets outside of the courtroom.

   Notwithstanding that there is no procedural rule mandating that attorneys must complete their strike lists in any specific location, [Bass] fails to explain how he was harmed or how the outcome of this case would have been any different but for the attorneys doing so outside of the courtroom.

As such [Bass] clearly fails to "plead and prove that the complained of error did in fact contribute to his conviction or punishment." *See Ex parte Barber*, 879 S.W. 889, 891-92 (Tex. Crim. App. 1994).

b.  [Bass's] second ground argues that the evidence at trial failed to establish that the knife he used in commission of the aggravated assault was a deadly weapon. However, the record of his trial includes testimony that a knife was in fact used as a deadly weapon.

Regardless, the law provides that [Bass] cannot collaterally attack the sufficiency of the evidence supporting his conviction in an application for a writ of habeas. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) ("A challenge to the sufficiency of the evidence presents one of those instances where we can never consider the merits of the applicant's claim.").

c.  [Bass's] third ground complains that the jury in this case "should have been charged with a Lesser Included Offense." (Writ App. At 10). However, he fails to specify what lesser-included offense the jury should have been charged with or what evidence at trial would have supported such a less-included charge. As a result, [Bass] has failed in his burden to allege facts, which if true, would entitle him to relief, *See Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985).

The law further provides that [Bass] must also "plead and prove that the complained of error did in fact contribute to his conviction or punishment." *Ex parte Barber*, 879 S.W.2d at 891-92. Yet he has likewise failed to argue under this ground how the lack of the unspecified lesser-included charge contributed to his conviction or sentence.

d.  [Bass] alleges under his fourth ground that this trial attorney, Hon. LaJuanda Lacy, was ineffective for failing to call witnesses "which would have shown my innocence," (Writ App. At 12).

The purpose of the effective assistance of counsel guarantee under the Sixth Amendment "is simply to ensure that criminal defendants receive a fair trial." *Strickland v. Washington*, 466 S.W.2d 668, 689 (1984). The test on a claim of ineffective assistance is "whether counsel's conduct so undermined the

proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686.

The *Strickland* standard has been applied to all ineffectiveness claims in Texas. *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). This standard requires a two-step review of attorney performance and the resultant prejudice to the defendant, if any. *Id*. at 770, at n.3. As further explained by the U.S. Supreme Court, "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. To sufficiently demonstrate prejudice, [Bass] must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id*.

Absent both showings, this Court should not conclude that [Bass's] conviction resulted from a breakdown in the adversarial process, such that the result has been rendered unreliable. *See Boyd v. State*, 811 S.W.2d 105, 109 (Tex. Crim. App. 1991).

In this case, [Bass's] complaint regarding the failure to bring forward witnesses does not provide the Court with enough information to satisfy his habeas burden. [Bass] names a single potential witness as "Randy Reeves" but fails to state any specific testimony that this witness could have provided. He further fails to argue how the unspecified testimony of Mr. Reeves would have been able to affect the outcome of his case.

Consequently, [Bass] clearly fails to meet his habeas burden to allege facts, which if true, would entitle him to relief regarding counsel's alleged failure to call "Randy Reeves" as a witness. *Ex parte Maldonado*, 688 S.W.2d at 116.

[Bass] also claims that a report from a "private detective" should have [been] offered in his defense. (Writ Ap. At 12). However, he neglects to attach a copy of the report or to otherwise attempt to describe its contents. He also does not argue what rules of evidence would permit the admission of a hearsay "report" at trial. Once again, [Bass] fails in his burden as a habeas applicant. *Ex parte Maldonado*, 688 S.W.2d at 116.

> As a result, [Bass] has further failed to meet his two-pronged *Strickland* burden to show both deficient representation and a resultant prejudice.

> 7.  Further, the opinion of the Twelfth Court of Appeals recites that [Bass] raised these same claims in his *pro se* brief on appeal to that court. The Twelfth Court found these claims to be "wholly frivolous" in affirming the conviction and sentence. *Bass v. State*, 2016 WL 3356558, at *1.

> Any contention which was raised and rejected on direct appeal will not be the basis for relief pursuant to Article 11.07. *Ex parte Schuessler*, 846 S.W.2d 850, 852 n.6 (Tex. Crim. App. 1993); *Ex parte Banks*, 769 S.W.2d 539 (Tex. Crim. App. 1989); *Ex parte Chambers*, 612 S.W.2d 572 (Tex. Crim. App. 1981).

(SHCR-01 at 73-76; Dkt. #18-25, 77-80).

The state habeas court made the following conclusion of law:

> 8.  Based upon the record of this case, the Court finds and concludes that there is no credible evidence before the Court that [Bass's] trial counsel provided ineffective assistance or that he was harmed by the same.

> 9.  The Court finds and concludes that [Bass's] writ allegations consist solely [of] [the] unsupportable assertions with no valid basis in the record or the law.

> 10. The legal procedures in this case were proper and as provided by the Constitution and Texas law.

> 11. The Court finds and concludes that this Application for Writ of Habeas Corpus is not well taken and should in all things be denied.

> The Court after review of the application for habeas relief, any answer, and the file, finds, and determines that there are no controverted previously unresolved facts material to the legality of [Bass's] confinement.

(SHCR-01 at 77; Dkt. 18-25, p. 81).

On March 22, 2017, the Texas Court of Criminal Appeals denied Bass's state application for writ of habeas corpus without written order on the findings of the state habeas court. (Dkt. #18-24, p.1). Bass signed his federal habeas corpus petition on April 3, 2017. (Dkt. #1). The petition is

deemed filed on April 3, 2017, in accordance with the federal "mailbox rule." *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

## II.     The Federal Habeas Corpus Petition

Bass's federal habeas corpus petition was received on April 17, 2017. He brings the following claims for relief:

(1)     Ineffective assistance of trial counsel for picking the jury out of his presence;

(2)     There was insufficient evidence of a deadly weapon;

(3)     He was denied a lesser-included offense instruction; and,

(4)     Ineffective assistance of trial counsel for failing to call any witnesses on his behalf and failing to admit a private detective report that would have showed his innocence.

(Dkt. # 1, pp. 6-7). Bass filed two memorandums in support of his federal petition. (Dkt. ##3, 12).

## III.    The Director's Response

The Director was ordered to answer Bass's federal habeas corpus petition and has filed a response based on: (1) that Bass's Claim 2 is procedurally defaulted; (2) that Bass has failed to demonstrate that the state court unreasonably denied his ineffective assistance of counsel claims (Claims 1 and 4); and, (3) that Bass's Claim 3—his lesser-included offense instruction claim—fails to state a basis for federal habeas relief. The Director urges that Bass's federal habeas petition be dismissed.

## IV.    Bass's Reply to the Director's Response

On October 26, 2017, Bass filed a reply to the Director's answer. (Dkt. #28). In his reply, Bass re-urged the arguments in his state application for writ of habeas corpus and federal habeas petition. He seeks either release or to have his writ remanded back to the state court for relief.

## V.      Legal Standards and Analysis

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (citations omitted); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983).

The petition was filed in 2017; thus, review is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Under the AEDPA, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "By its terms § 2254 bars re-litigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The AEDPA imposes a "highly deferential standard for evaluating state-

court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and internal quotation marks omitted).

With respect to the first provision, a "state court decision is 'contrary to' clearly established federal law if (1) the state court 'applies a rule that contradicts the governing law' announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts." *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (en banc) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003)). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011). As such, "evidence later introduced in federal court is irrelevant." *Id.* at 184. "The same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged." *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).

With respect to § 2254(d)(2), a Texas court's factual findings are presumed to be sound unless a petitioner rebuts the "presumption of correctness by clear and convincing evidence." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (citing § 2254(e)(1)). The "standard is demanding but not insatiable; . . . [d]eference does not by definition preclude relief." *Id.* (citation and internal quotation marks omitted). More recently, the Supreme Court held that a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation omitted). The Supreme Court has explained that the provisions of the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under

law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas corpus relief is not available just because a state court decision may have been incorrect; instead, a petitioner must show that a state court decision was unreasonable. *Id.* at 694.

      A.    <u>Bass's insufficiency of the evidence claim is procedurally defaulted</u>.

In his Claim 2, Bass asserts that the evidence offered at trial was insufficient to establish that a knife was a deadly weapon. Bass claims that no one was hurt or harmed by the displaying of a knife during the incident leading to his conviction. The Director contends that Bass's Claim 2 is procedurally defaulted and may not be considered by the Court. In his reply, Bass asserts that the evidence is legally insufficient to sustain a finding of a deadly weapon.

It is well settled that federal review of a habeas claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *Harris v. Reed*, 489 U.S. 255, 265 (1989); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). Where a state court has explicitly relied on a procedural bar, a petitioner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice that is attributable to the default. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). A federal court generally cannot review the merits of a state prisoner's habeas petition if the claims in the petition are procedurally defaulted. *See, e.g., Magwood v. Patterson,* 561 U.S. 320, 340 (2010) ("If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention—whether in trial, appellate, or habeas proceedings, as state law may require—procedural default will bar federal review.").

Texas state law is clear that sufficiency of the evidence cannot be challenged in a post-conviction writ of habeas corpus. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App.

2004); *see also Ex parte McClain*, 869 S.W.2d 349, 351 (Tex. Crim. App. 1994). The Fifth Circuit Court of Appeals recognizes and upholds this state procedural bar. *See West v. Johnson*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996) ("Although the Court of Criminal Appeal's denial of habeas relief stated no reasons, that court, as we have held, has long held that the sufficiency of the evidence may only be raised on direct appeal, and may not be raised on state habeas."); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994) (recognizing that under Texas law a claim regarding sufficiency of the evidence may be raised on direct appeal but not on collateral review).

In its findings of fact and conclusions of law regarding Bass's state writ of habeas corpus, the state habeas court found:

> b. [Bass's] second ground argues that the evidence at trial failed to establish that the knife he used in commission of the aggravated assault was a deadly weapon. However, the record of his trial includes testimony that a knife was in fact used as a deadly weapon.
>
> Regardless, the law provides that [Bass] cannot collaterally attack the sufficiency of the evidence supporting his conviction in an application for a writ of habeas. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) ("A challenge to the sufficiency of the evidence presents one of those instances where we can never consider the merits of the applicant's claim.").

(SHCR-01 at 74-75; Dkt. #18-25, p. 79). The state court record shows that Bass unsuccessfully raised this insufficiency of the evidence claim on direct appeal but failed to present the claim to the Texas Court of Criminal Appeals in a petition for discretionary review. Although Bass raised the issue in his application for state habeas relief, the state court denied the claim as it was not cognizable on habeas review pursuant to *Ex parte Grigsby*, 137 S.W.3d at 674. Because Bass did not challenge the sufficiency of the evidence through a petition for discretionary review, the issue is procedurally defaulted and barred from consideration at this juncture.

To overcome this procedural bar, Bass must demonstrate cause for the default and actual prejudice resulting from the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. By "fundamental miscarriage of justice" is meant that he was actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Bass fails to allege, much less prove, cause for his procedural default, nor does he establish actual prejudice or a fundamental miscarriage of justice. To the extent Bass attempts to argue that he is actually innocent of the criminal offense, his argument is wholly conclusory, unsupported in the record or the law, and warrants no relief.

Furthermore, to the extent Bass may be raising an independent claim of actual innocence, the claim was not raised in state court, is procedurally defaulted, and barred from consideration by this Court. Regardless, neither the Supreme Court nor the Fifth Circuit recognizes "actual innocence" as a cognizable free-standing claim for federal habeas relief. *Herrera v. Collins*, 506 U.S. 390, 404–05 (1993); *United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018).

Bass's challenge to the sufficiency of the evidence is procedurally defaulted and barred from consideration by this Court. Moreover, his claim does not present a cognizable federal habeas claim for relief. Bass fails to show, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Consequently, Bass's Claim 2—sufficiency of the

evidence—is procedurally barred from federal habeas review. The Court recommends that Bass's insufficiency of the evidence claim be dismissed with prejudice.

B.      Bass's lesser-included-offense claim (Claim 3) does not raise a federal claim.

In Claim 3 of Bass's federal petition, he complains that the jury was not provided an instruction that they could have found him guilty of a lesser included offense, such as assault or simple assault. In her answer, the Director points out that the failure to instruct the jury on a lesser included offense does not raise a federal constitutional issue in a non-capital case and citing *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985). The Court agrees.

This circuit's holdings do not recognize a cognizable federal claim for the failure of a trial court to submit a lesser included offense instruction in a non-capital case. *Creel v. Johnson,* 162 F.3d 385, 390 (5th Cir. 1998); *Valles v. Lynaugh,* 835 F.2d 126, 127 (5th Cir. 1988). This claim does not entitle Bass to federal habeas relief. The Court recommends that Bass's Claim 3 be dismissed with prejudice.

C.      Bass's ineffective assistance of counsel claims (Claims 1 & 4) are without merit.

In Claims 1 and 4 of his federal habeas petition, Bass asserts that his trial counsel provided ineffective assistance of counsel because she: (1) conducted jury strikes outside of his presence during voir dire, (2) failed to call a witness on his behalf; and (3) failed to submit a private detective report into evidence, "which would of showed his innocence." The Director contends that Bass's Claims 1 and 4 are without merit.

Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* provides a two-pronged standard, and the petitioner bears the burden of proving both prongs. *Id*. at 687. Under the first

prong, he must show that counsel's performance was deficient. *Id*. To establish deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id*. at 688.

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . ." *Id*. at 689 (citations omitted). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (internal quotation marks omitted).

Under the second prong of the *Strickland* test, the petitioner must show that his attorney's deficient performance resulted in prejudice. *Id*. at 687. To satisfy the prejudice prong, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. An ineffective assistance of counsel claim fails if a petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if he makes an insufficient showing as to either. *Id*. at 697.

The Supreme Court discussed the difficulties associated with proving ineffective assistance of counsel claims as follows: "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689, 690.

Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689; *see also Bell*, 535 U.S. at 702; *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690. In a separate opinion issued on the same day, the Supreme Court reiterated that the "question is whether an attorney's representation amounted to incompetence under "prevailing professional norms, not whether it deviated from the best practices or most common custom." *Premo v. Moore*, 562 U.S. 115, 122 (2011) (citing *Strickland*, 466 U.S. at 690).

In the context of § 2254(d), the deferential standard that must be accorded to counsel's representation must also be considered in tandem with the deference that must be accorded to state court decisions, which has been referred to as "doubly" deferential. *Richter*, 562 U.S. at 105.

"When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. "If the standard is difficult to meet, that is because it was meant to be." *Id*. at 102; *also see Morales v. Thaler*, 714 F.3d 295, 302 (5th Cir.), *cert. denied*, 571 U.S. 883 (2013).

### 1.   Conducting jury strikes outside the presence of Bass.

Bass complains that his attorney provided ineffective assistance of counsel because she made the defense jury strikes outside of his presence. The Court construes Bass's complaint to be that he was present for jury selection but was not allowed to assist or control which veniremen where struck for his side.

The Court notes that the ineffective assistance of counsel claims regarding trial counsel were fully developed during the state habeas corpus proceedings. Bass's attorney, LaJuanda Lacy, provided an affidavit responding to specifically to Bass's claim that the jury was picked outside of his presence, as follows:

> The undersigned denies Ground One of [Bass's] Writ of Habeas Corpus, wherein he claims that he was not present when preemptory challenges were made and strike lists were submitted to the Court.

> Before jury selection begins the undersigned discusses with every defendant at every trial the purpose, the order and length of questioning, and proper decorum when in the presence of the jury. Every defendant, before jury selection begins, is provided a list of the names of the veniremen and copies of the completed questionnaires. The undersigned encourages every defendant at every trial to be involved in the process. Those that choose to do so are provided a pad and pen to note any responses or reactions of veniremen [that] the defendant deems important.

> At the conclusion of questioning, challenges for cause are made at the bench. In some cases, certain veniremen are asked to approach the bench for further questioning. All of this takes place in the presence of the defendant in every case. Afer [sic] completing the above referenced matters the presiding Judge recesses the case for a specified period of time before the attorneys are required to return and submit strike lists. All of this done in the presence of the defendant in every case.

Most times, the undersigned remains in the courtroom to review the questionnaires and make the allowed strikes, all in the presence of the defendant. In cases where the defendant chooses to be involved in the process the undersigned will explain the reason or reasons for striking each venireman and will receive and consider all input from the defendant.

Sometimes, though few, the undersigned will take a lunch break and will review some of the questionnaires during that break, however, the process is completed in the courtroom in the presence of the defendant.

Though the undersigned has no independant [sic] recollection of which of the above referenced procedures was followed in [Bass's] case, the undersigned does know that at no time in any jury trial has the undersigned submitted a strike list of preemptory challenges outside the presence of any defendant in any trial, including [Bass's].

(SHCR-01 at 31-32: Dkt. #18-25, pp. 35-36).

With regard to Bass's complaint that the jury strikes were made outside of his presence,

the state habeas court found:

Notwithstanding that there is no procedural rule mandating that attorneys must complete their strike lists in any specific location, [Bass] fails to explain how he was harmed or how the outcome of this case would have been any different but for the attorneys doing so outside of the courtroom.

As such, [Bass] clearly fails to "plead and prove that the complained of error did in fact contribute to his conviction or punishment." *See Ex parte Barber*, 879 S.W.2d 889, 891–92 (Tex. Crim. App. 1994).

(SHCR-01 at 74). The state habeas court concluded:

Based upon the record of this case, the Court finds and concludes that there is no credible evidence before the Court that [Bass's] trial counsel provided ineffective assistance or that he was harmed by the same.

The Court finds and concludes that [Bass's] writ allegations consist solely [of] [the] unsupportable assertions with no valid basis in the record or the law.

(SHCR-01 at 77; Dkt. # 18-25, p. 81).

In his reply (Dkt. #28) to the Director's answer, Bass asserts that if he had participated in the jury strikes, a biased jury would not have been picked; thus, resulting in selecting a different jury—which would have resulted in a not guilty verdict. Bass provides no support for this singular statement. Conclusory allegations are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case."). Furthermore, federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition ... mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983)).

Moreover, *Strickland* makes clear that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland,* 466 U.S. at 688. As to the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter,* 562 U.S. at 112. Bass's conclusory claim that the jury selected was biased, and that he could have assuredly selected a jury that would have rendered a no guilty verdict is not sufficient to rise above the level of conceivable to substantial. Bass does not show that he was denied effective assistance of counsel or establish that his trial was tainted by a constitutional violation.

Finally, his claim relating to his trial counsel and jury selection should be denied because Bass has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Furthermore, he failed to overcome the "doubly" deferential standard that must be accorded to his trial attorney in light of both *Strickland* and § 2254(d). *See Richter*, 562 U.S. at 105. Bass has not shown that he is entitled to relief on this claim for ineffective of assistance of counsel.

2.   <u>Failing to call witnesses and admit an investigative report.</u>

Bass complains that trial counsel failed to call witnesses favorable to his defense and admit an investigative report into evidence. Specifically, he claims that his trial counsel failed to call Randy Reeves and admit a private detective report into evidence that would have showed his innocence. Bass does not allege what testimony or information that Randy Reeves or the private detective report would have provided.

This particular ineffective assistance of counsel claim was fully developed during the state habeas corpus proceedings. The state habeas court found:

> In this case, [Bass's] complaint regarding the failure to bring forward witnesses does not provide the Court with enough information to satisfy his habeas burden. [Bass] names a single potential witness as "Randy Reeves" but fails to state any specific testimony that this witness could have provided. He further fails to argue how the unspecified testimony of Mr. Reeves would have been able to affect the outcome of his case.
>
> Consequently, [Bass] clearly fails to meet his habeas burden to allege facts, which if true, would entitle him to relief regarding counsel's alleged failure to call "Randy Reeves" as a witness. *Ex parte Maldonado*, 688 S.W.2d at 116.
>
> [Bass] also claims that a report from a "private detective" should have [been] offered in his defense. (Writ App. at 12). However, he neglects to attach a copy of the report or to otherwise attempt to describe its contents. He also does not argue what rules of evidence would permit the admission of a hearsay "report" at trial.

19

Once again, [Bass] fails in his burden as a habeas applicant. *Ex parte Maldonado*, 688 S.W.2d at 116.

(SHCR-01 at 76). The state habeas court concluded:

Based upon the record of this case, the Court finds and concludes that there is no credible evidence before the Court that [Bass's] trial counsel provided ineffective assistance or that he was harmed by the same.

The Court finds and concludes that [Bass's] writ allegations consist solely [of] [~~the~~] unsupportable assertions with no valid basis in the record or the law.

(SHCR-01 at 77).

The state trial court relied on the trial court record and found that Bass failed to show that he was denied effective assistance of counsel under the governing legal standard. (SHCR-01 at 77). Based on this record, the state trial court found that Bass failed to show that his counsel's decision to not call Randy Reeves or admit the private detective report into evidence was unreasonable or that but for the alleged unprofessional errors, there was a reasonable probability that the result of the proceeding would have been any different. *Id*. Thus, the state court found that trial counsel was not deficient on this issue and that Bass failed to establish actual prejudice. *Id*. The Texas Court of Criminal Appeals agreed with the state trial court's ultimate conclusion that Bass was not denied effective assistance of counsel at the trial and denied his habeas corpus application without further comment.

The state court's decision is supported by the record in this instance. Bass presents nothing that would call into question the state court's factual findings or credibility determinations, which are entitled to the presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1).

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland*, 466 U.S. at 689 (emphasizing

that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). It is well established in this circuit that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir.1997); *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir.1983) (citing *Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir.1975)). Bass fails to show that his counsel's strategy was unsound. Accordingly, even assuming that his counsel's performance was deficient, Bass does not establish the requisite prejudice. *Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008); *Spriggs v. Collins*, 993 F.2d 85, 88–89 (5th Cir. 1993).

Furthermore, second-guessing is not the test for ineffective assistance of counsel. *King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir. 1989). Decisions on the presentation of evidence and witnesses are essentially strategic. Counsel is entitled to a presumption that his performance was adequate. Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy. *Wilkerson v. Cain,* 233 F.3d 886, 892–93 (5th Cir. 2000) (citing *United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983)). There is no basis other than speculation to support Bass's argument that the outcome of the trial would have been different had counsel offered the testimony of Randy Reeves or submitted the report of the private detective. Bass has not explained why the jury would have reached a different result. The state court's decision as to the effective assistance of counsel reasonably applied the law to the

facts, consistent with clearly established federal law. Bass has not shown a basis for the relief he seeks. 28 U.S.C. § 2254(d)(1).

Here, Bass has presented no evidence as to what Randy Reeves' testimony might have been. *Alexander*, 775 F.2d at 602; *Gomez*, 734 F.2d at 1109–10. He has not provided affidavits showing the substance of what Randy Reeves' testimony would have been and how it would have been helpful to his defense. *Gomez*, 734 F.2d at 1109-10. Likewise, he has not provided a copy of the private detective report whose contents would prove his innocence. He also has not shown that the decision not to call Randy Reeves was not trial strategy. *Strickland*, 466 U.S. at 689. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799; *Yohey*, 985 F.2d at 224–25. Moreover, Bass has not shown how any testimony from these witnesses would have changed the outcome of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial).

Not only does Bass fail to show the substance of any proposed witness's testimony, he also fails to show they were willing and able to testify on his behalf. *Alexander*, 775 F.2d at 602; *Gomez*, 734 F.2d at 1109–10. Bass fails to meet his burden. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). In sum, Bass fails to prove there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Under these circumstances, Bass does not show that he was denied effective assistance of counsel or establish that his trial was tainted by a constitutional violation. Moreover, the state trial court determined that Bass did not show that the outcome of his trial would have been any different

22

even if trial counsel had presented all the allegedly mitigating evidence and testimony described by Bass in his habeas petition. More importantly, Bass fails to demonstrate that the state court's decision to reject his ineffective-assistance claim was contrary to, or involved an unreasonable application of, the well-settled *Strickland* standard. Accordingly, Bass is not entitled to relief on this issue.

## VI. Conclusion

Bass's insufficiency of the evidence claim (Claim 2) is procedurally defaulted and should be denied. His lesser-included-offense claim (Claim 3) fails to state a cognizable federal habeas claim and should be denied. Finally, his claims relating to his trial counsel should be denied because Bass has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Moreover, he failed to overcome the "doubly" deferential standard that must be accorded to his trial attorney in light of both *Strickland* and § 2254(d). *See Richter*, 562 U.S. at 105. In conclusion, Bass has not shown that he is entitled to relief; thus, the petition for a writ of habeas corpus should be denied, and the case should be dismissed with prejudice.

## VII. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA")

from a circuit justice or judge. *Id.* Although Bass has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. at 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

In this case, reasonable jurists could neither debate the denial of Bass's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Consequently, he is not entitled to a certificate of appealability.

<u>RECOMMENDATION</u>

It is recommended that the above-styled petition for writ of habeas corpus be denied and the case dismissed with prejudice. A certificate of appealability should be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 15th day of August, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE