IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| HAROLD L. BASS, JR., #1988059 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:17cv223 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Harold L. Bass, Jr., proceeding *pro se*, brings this petition for a writ of habeas corpus challenging his 2015 Smith County conviction for aggravated assault with a deadly weapon in criminal cause no. 114-1453-14. On March 4, 2015, a jury found Mr. Bass guilty. The jury sentenced Mr. Bass to twenty-five years of imprisonment. The petition was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #36) concluding that the petition should be dismissed with prejudice. Mr. Bass has filed objections (Dkt. #41).

Background

In his habeas petition, Mr. Bass presented five claims for relief:

(1) [His trial counsel provided] ineffective assistance of counsel for picking the jury out of his presence;

(2) There was insufficient evidence of a deadly weapon;

(3) He was denied a lesser-included offense instruction; and,

1

(4) [His trial counsel provided] ineffective assistance of counsel by failing to call any witnesses on his behalf and failing to admit a private detective report that would have showed his innocence.

(Dkt. # 1, pp. 6-7).

In her Report and Recommendation, Judge Mitchell found that Mr. Bass's insufficiency of the evidence claim (Claim 2) to be procedurally defaulted and barred from federal habeas review. Texas law is clear that sufficiency of the evidence cannot be challenged in a post-conviction writ of habeas corpus. Mr. Bass failed to raise the issue in a procedurally proper manner in state court. Judge Mitchell also found that Mr. Bass's lesser-included-offense claim (Claim 3) failed to raise a federal constitutional claim in a non-capital case. She recommended that both Claim 2 and 3 be dismissed with prejudice.

Judge Mitchell further recommended that Mr. Bass's Claims 1 and 4 for ineffective assistance of counsel be dismissed with prejudice. Mr. Bass alleged that trial counsel: (1) conducted jury strikes outside of Mr. Bass's presence during *voir dire*, (2) failed to call a witness on his behalf, and (3) failed to submit a private detective report into evidence, "which would of showed his innocence." Judge Mitchell found that Mr. Bass failed to demonstrate that his counsel's performance prejudiced his defense such that "but for his counsel's alleged unprofessional errors, the result of the proceeding would have been different." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Judge Mitchell, moreover, found that Mr. Bass failed to establish that the State court findings regarding his counsel's alleged ineffective assistance of counsel (Claims 1 and 4) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the of the United States, or resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings as required by 28 U.S.C. § 2254(d). Additionally, Judge Mitchell found that Mr. Bass failed to overcome the "doubly" deferential standard that must be accorded to his trial attorney in light of both *Strickland v. Washington*, 466 U.S. 668 (1984), and § 2254(d). *See Richter*, 562 U.S. at 105.

In his objections, Mr. Bass challenges Judge Mitchell's recommendations as to Claim 3 and Claim 4. As to Claim 3, Mr. Bass claims that the state court judge must issue a jury instruction on self-defense. As to Claim 4, Mr. Bass complains about trial counsel's failure to call witnesses Randy Reeves and the private detective. In his objections, Mr. Bass complains that his trial counsel should have subpoenaed Randy Reeves and the private detective to testify in his defense. Mr. Bass's objections are without merit.

## Discussion and Analysis

A. <u>Challenge to the Report regarding Claim 3</u>.

Mr. Bass asserts for the first time in his objections that a state judge "must" issue a jury charge on self-defense in a prosecution for aggravated assault with a deadly weapon even if the defendant's version of events supporting self-defense is weak, contradicted, or not credible. (Dkt. #41, p.5). Mr. Bass cites to *Gamino v. State*, 537 S.W.3d 507 (Tex. Crim. App. 2017) in support of his proposition. Mr. Bass has confused the law of having an instruction on the affirmative defense of self-defense presented to the jury versus having an instruction on any lesser-included-offenses presented to the jury.

Mr. Bass did not raise this affirmative defense argument (self-defense) in his habeas petition presented to Judge Mitchell. In his federal habeas petition, Mr. Bass complained about the

3

lack of a lesser-included-offense instruction, which was fully and correctly addressed by Judge Mitchell in her Report. Mr. Bass's affirmative defense argument is not cognizable now. Facts and issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitely*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). The court will not consider arguments raised for the first time in objections to the Report and Recommendation. Additionally, Mr. Bass did not present this argument in his state habeas application below; thus, this new argument is unexhausted, procedurally defaulted, and may not be considered now on federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722 (1991); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995); and *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Mr. Bass's objection is overruled.

B. <u>Challenge to the Report regarding Claim 4</u>.

In his objections to the Report, Mr. Bass complains that his trial counsel provided ineffective assistance of counsel because she failed to subpoena and present Randy Reeves and a private detective as witnesses on Mr. Bass's behalf. Mr. Bass asserts that the witnesses' testimony would have established his innocence. Judge Mitchell denied Mr. Bass's failure to call witnesses claim on the merits because Mr. Bass: (1) failed to present any evidence as to what Randy Reeves' testimony might have been, (2) failed to show that Randy Reeves was available and willing to testify, (3) failed to show that the decision not to call Randy Reeves was not trial strategy, and (4) failed to show how any testimony from these witnesses would have changed the outcome of the trial. (Dkt. 36, pp. 19-23). In his federal habeas petition, Mr. Bass was complaining that his trial counsel failed to submit the report of the private detective—not that trial counsel failed to call the

4

private detective as a live witness. Mr. Bass may not raise a new issue in his objections to the Report.

Mr. Bass raises for the first time in his objections what testimony that he expected witness Randy Reeves to have testified to if Mr. Reeves had been called. Also raised for the first time, Mr. Bass asserts that the trial counsel failed to call the private detective as a witness. Facts and issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitely*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Accordingly, Bass is not entitled to relief on this issue.

Mr. Bass, moreover, does not raise any objections to the State court findings regarding his ineffective assistance of counsel claim as required by 28 U.S.C. 2254(d). Likewise, he fails to raise any objection to or overcome the "doubly" deferential standard that must be accorded to his trial attorney in light of both *Strickland*, *supra*, and § 2254(d). Mr. Bass's challenge to the Report and Recommendation regarding his Claim 4 is meritless and overruled.

C. <u>Conclusion</u>.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Bass to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Bass's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** with prejudice. A certificate of appealability is **DENIED** *sua sponte*. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** January 3, 2020.

_____
Ron Clark, Senior District Judge